UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON PHILIP LOWENTHAL,
    Plaintiff,

v.                                                                   CIVIL ACTION NO. 14-13631-GAO

COMMONWEALTH OF MASSACHUSETTS, et al.,
    Defendants.

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court (1) denies without prejudice plaintiff's Application to Proceed Without Prepayment of Fees; (2) denies without prejudice plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction; and (3) grants plaintiff thirty-five days to file a complaint and either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs.

**I.    Background**

Plaintiff Jason Philip Lowenthal ("Lowenthal"), a resident of Randolph, filed a motion for temporary restraining order and preliminary injunction accompanied by a supporting memorandum and an application to proceed in district court without prepaying fees or costs. See Docket. Lowenthal, a potential Green-Rainbow Party candidate for the Massachusetts' Seventh Congressional District, asks, among other things, that this Court issue an injunction requiring the Secretary of the Commonwealth[1] and the Elections Division of the Office of the Secretary of the Commonwealth "to cease from printing ballots for the upcoming federal election to be held November 4, 2014 until the disposition of Suffolk County Superior Court Civil Docket #SUCV2014_02478 [which is] a dispute arising over Defendant's violation of Code of Massachusetts Regulations Title 950, section 55.00." See Pl. Mot., Docket No. 2.

In the supporting memorandum, Lowenthal states that on February 2, 2014, he appeared at the Secretary's Office and asked questions concerning his desire to run as a third party

---

[1] William Francis Galvin.

candidate. Pl. Mem., at p. 2. At that time, he submitted a form to the Secretary's office requesting nominating sheets to be used for collecting voter signatures in support of his effort to obtain a place on the ballot as a third party candidate. Id. Lowenthal states that an Elections Division agent "handed to the Plaintiff a stack of white legal size papers wrapped in cellophane." Id.

On July 28, 2014, after collecting more than 2,000 signatures, Lowenthal was informed "that the signatures Plaintiff's campaign had collected were ineligible for certification as they were collected on the incorrect color form." Id. at p. 3. Lowenthal explains that the signature forms were submitted to officials in Boston, Cambridge and Somerville and that only the officials in Somerville accepted and time-stamped the submitted petitions. Id. at pp. 2-3.

Lowenthal then brought suit against the defendants in state court seeking placement of his name on the ballot.[2] Id. at p. 3; see Lowenthal v. Mass. Elections Division, et al., SUCV2014-2478 (filed Aug 5, 2014). Lowenthal's state court complaint, a copy which accompanies his supporting memorandum, is brought against the defendants pursuant to Massachusetts election laws and regulations governing the number of signatures for certification of nomination papers for candidates for public office. See M.G.L. c. 53 (nominations, questions to be submitted to the voters, primaries and caucuses); 950 C.M.R. 55.00 (certification of nomination papers and petitions).

Although the Lowenthal's action is now pending before the Suffolk Superior Court, he seeks injunctive relief from this federal court in an effort to hasten judicial consideration of his claims. Apparently, counsel for the defendants "let slip that it was Defendant's gambit to reply to Plaintiff's complaint only after ordering the ballots for November's election be printed or engraved, thereby precluding Massachusetts Superior Court for ruling on the matter in a proper and timely fashion." Pl. Mem,, p. 1-2.

---

[2]Lowenthal explains that the state court action was initially dismissed for failure to pay the filing fee and that the dismissal was vacated upon proof of timely payment of the fee. Id. at p. 3.

## II. Discussion

### A. Filing Fee

The fees for filing a civil action are the $350.00 filing fee and the $50.00 administrative fee.³ See 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions). An indigent litigant may request leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Here, Lowenthal filed an Application to Proceed in District Court Without Prepaying Fees or Costs. See Docket No. 3.

Lowenthal's Application states that he is unemployed with no source of income. He states that he has under $200.00. He owns no property and has no expenses except for unspecified student loans. Although the Court recognizes that Lowenthal has no formal source of income, his Application will be denied without prejudice. In considering an application to waive the filing fee, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" Fridman v. The City of New York, 195 F. Supp. 534, 537(S.D.N.Y. 2002) quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted). Therefore, since this Court may consider the assets of a supporting friend or relative in determining whether a litigant is entitled to in forma pauperis status, if Lowenthal seeks to renew his request, he shall provide financial disclosures of any person(s) who would ordinarily provide him with necessities.

### B. Motion for Injunctive Relief

As a threshold matter, Lowenthal started this case by filing a motion seeking emergency injunctive relief. He has not filed a "complaint" in accordance with Rule 3 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court"). "In the absence of a complaint ... setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary

---

³The $50.00 administrative fee became effective May 1, 2013. See Judicial Conference Fee Schedule.

3

injunction." Greene v. Phila. Hous. Auth., No. 11–MC–60, 2011 WL 1833011 (E.D. Pa. May 11, 2011) (citing Powell v. Rios, 241 F. App'x 500, 505 n. 4 (10th Cir. 2007)). Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief. Lester v. City of Albuquerque, No. 13-0127-JB/KBM, 2013 WL 685378 (D.N.M. 2013) (citing Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1134 (11th Cir.2005)("injunctive relief must relate in some fashion to the relief requested in the complaint"), cert denied, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006); Adair v. England, 193 F.Supp.2d 196, 200 (D . D.C.2002)("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's motion for [preliminary] injunctive relief."); P.K. Family Rest. v. IRS, 535 F.Supp. 1223, 1224 (N. D.Ohio 1982)(denying request for temporary restraining order because "[a]bsent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief")). Here, Lowenthal has not submitted a complaint. Because of this, the Court lacks the jurisdiction to grant the requested motion.

Plaintiff will be granted additional time to file a complaint, which must conform with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff is advised that a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively. If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court's Local Rules mandate that typed complaints be double-spaced (except for the identification of counsel, title of the case, footnotes, quotations and exhibits). See Local Rule 5.1(a)(2).

**III. Conclusion**

Accordingly:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is DENIED without prejudice.

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED without prejudice.

3. If plaintiff wishes to pursue this action, he shall, within thirty-five (35) days of the date of this Memorandum and Order, (1) file a complaint and (2) either pay the $400 filing fee or file a new, fully completed Application to Proceed in District Court Without Prepaying Fees or Costs. The clerk shall send plaintiff a copy of the AO 239 Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. If plaintiff fails to file a complaint and submit a new application or pay the filing fee, this action will be dismissed without prejudice.

SO ORDERED.

 October 14, 2014                                      /s/ George A. O'Toole, Jr.
DATE                                                        GEORGE A. O'TOOLE, JR.
                                                                  UNITED STATES DISTRICT JUDGE